IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-35-SLR |
| | : | |
| IRVIN J. LEWIS | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS
PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Irvin J. Lewis, by and through his undersigned counsel, Edson A. Bostic, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about February 2, 2007, including all statements made subsequent to the illegal search.

In support of this motion, Mr. Lewis avers as follows:[1]

1. On February 2, 2007, Patrolman Michael Defelice, an officer with the Wilmington Police Department, began foot patrol in the 400 and 500 blocks of East 5th Street. While on patrol, Officer Defelice observed three men standing outside of 401 East 5th Street.

2. Officer Defelice approached the three men and allegedly smelled marijuana. Two of the three men walked away from the officer, while the third man remained still. Officer Defelice verbally

---

[1] The facts contained in paragraphs 1-7 of this motion were taken from the Discovery. Although Mr. Lewis cites these facts in his motion, he does not concede that the events transpired as stated by the arresting officers. Mr. Lewis submits that an evidentiary hearing is needed to further develop the facts, which are determinative of this motion.

signaled for the two men to stop. One of the men stopped, but the second man ignored the command. Officer Defelice gave a verbal warning, which stated that force would be used. The man, later identified as Mr. Lewis, complied with the verbal warning.

3. Upon information and belief, Officer Defelice immediately conducted a patdown search of Mr. Lewis upon stopping him. This search produced no contraband. Thereafter, Officer Defelice continued to detain Mr. Lewis and conducted a full blown search of him, which resulted in his recovery of a firearm.

4. Mr. Lewis was handcuffed, and Operation Safe Street officers arrived and informed him that they would conduct an administrative search of his listed home address. The administrative search did not produce further evidence.

5. Officer Defelice stated that he administered Mr. Lewis' Miranda rights, and that Mr. Lewis acknowledged that he understood his rights. Officer Defelice transported Mr. Lewis to police headquarters, allegedly advised Mr. Lewis of his Miranda rights for a second time and conducted a property inventory. Officer Defelice submitted two cigars into evidence.

6. Officer Defelice conducted an interrogation of Mr. Lewis, during which he allegedly stated that he planned "to smoke." Mr. Lewis allegedly stated that he neither attempted to purchase marijuana nor smoked it prior to his arrest, but planned to "get some later though and smoke up." Mr. Lewis also allegedly stated that he found the firearm and retained possession of it because he needed protection.

7. On March 6, 2007, Mr. Lewis was indicted for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) .

8. The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." See U.S. CONST. Amend. IV. A police officer may stop an individual and initiate a brief investigatory detention if the individual's behavior raises suspicion of criminal activity. Terry v. Ohio, 392 U.S. 1 (1968). The officer's suspicion, however, must be based on specific, articulable facts that a crime has been committed. United States v. Coker, No. 05-4056, 2007 WL 931107 (3d Cir. Mar. 29, 2007).

9. In performing a Terry stop, police officers must use the least intrusive means of detention and investigation, "both in terms of scope of the investigation and duration of the investigation." Florida v. Royer, 460 U.S. 491, 500 (1983) (stating that it is the government's burden to demonstrate that any detention or seizure justified on the basis of reasonable suspicion was sufficiently limited in scope and manner to satisfy Terry's requirements); see also United States v. Hensley, 469 U.S. 221 (1985) (stating that the scope of the stop must be reasonably related to the suspicious circumstances, though police officers may take steps "reasonably necessary to protect their personal safety and maintain the status quo during the course of the stop").

10. If police exceed the least-intrusive means of detention or investigation, a Terry stop can ripen into an arrest, for which probable cause is required. See Terry, 392 U.S. at 27 (stating that "the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger"); see also United States v. Sharpe, 470 U.S. 675 (1985) (stating that an investigatory Terry stop may ripen into an arrest if the duration of the stop or the amount of force used is "unreasonable"); Wiers v. Barnes, 925 F.Supp. 1079, 1087 (D.Del. 1996) (stating that the Fourth Amendment requires application of the "reasonableness standard" to actions by law enforcement officers, and the test is an objective one: "whether the officers' actions are

3

'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.") (citations omitted); <u>United States v. McGrath</u>, 89 F.Supp.2d 569 (E.D. Pa. 2000) (stating that the continued detention of a suspect must be based upon probable cause).

11. Here, the officer's use of force and continued detention of Mr. Lewis ripened the initial <u>Terry</u> stop into an arrest for which probable cause was required. The officer did not see Mr. Lewis engaged in any illegal criminal activity. Although Mr. Lewis initially walked away upon seeing the approaching officer, he did not give any indication that he was dangerous and subsequently stopped because of the officer's verbal threat to use force. Moreover, the officer's initial <u>Terry</u> patdown did not produce any contraband. The officer's use of force and Mr. Lewis' continued detention after the <u>Terry</u> patdown required probable cause that he was engaged in criminal activity.

12. Mr. Lewis also submits that any alleged statements made during, or subsequent to, his illegal search and seizure should be suppressed pursuant to <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963) (stating that evidence from an illegal search must be suppressed in accordance with the "fruit of the poisonous tree doctrine").

13. Mr. Lewis reserves the right to file a Memorandum of Law in support of his Motion to Suppress Physical Evidence and Statements after the completion of a hearing in this matter.

**WHEREFORE**, Mr. Lewis respectfully submits that this Court conduct an evidentiary hearing to further develop the facts related to this motion and enter an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about February 2, 2007, including all statements made during, or subsequent to, the illegal seizure.

        Respectfully submitted,

        /s/

        Edson A. Bostic, Esquire
        Federal Public Defender

        Tieffa N. Harper
        Research & Writing Attorney

        Attorneys for Irvin J. Lewis

Federal Public Defender's Office
District of Delaware
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010

Dated: May 10, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-35-SLR |
| | : | |
| IRVIN J. LEWIS, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

**AND NOW**, this _____ day of _____, 2007, upon consideration of Defendant's Motion to Suppress Physical Evidence and Statements, and the Government's response thereto, it is hereby ORDERED that the Motion is GRANTED.

All physical evidence seized by the Wilmington Police Department on February 2, 2007, and statements made by Defendant to law enforcement officials on February 2, 2007, are hereby **SUPPRESSED**. Such physical evidence and statements shall be inadmissible, for any purpose, by the Government.

**BY THE COURT:**

_____
Honorable Sue L. Robinson
Chief Judge, United States District Court Judge