

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277x 122
FAX (302) 573-6220

July 30, 2007

Honorable Sue L. Robinson
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

Re: **United States v. Irvin J. Lewis**
    **Criminal Action No. 07-35-SLR**

Dear Judge Robinson:

    The defendant is prepared to enter a guilty plea pursuant to the terms of the enclosed Memorandum of Plea Agreement, the original of which will be submitted to the Court at the change of plea hearing. As the Government's chief witness is scheduled to begin active military service overseas in early September, the United States requests that the change of plea hearing be scheduled at the Court's earliest convenience.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
Edmond Falgowski
Assistant United States Attorney

cc: Edson A. Bostic, Esquire

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 07-35-SLR |
| | ) | |
| IRVIN J. LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Irvin J. Lewis, by and through his attorney, Edson Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall enter a guilty plea to the one count Indictment, charging Possession of a Firearm by a Felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), and carrying the maximum penalty of ten years incarceration, a $250,000 fine, three years supervised release, and a $100 special assessment.

2. The elements of Possession of a Firearm by a Felon are as follows:

   a. The defendant possessed a firearm;

   b. The defendant's possession was knowing;

   c. At the time of the defendant's possession, the firearm had affected interstate commerce, and;

      d.    At the time of the defendant's possession he was a convicted felon.

3.    Provided that the United States does not learn after the defendant's entry of a guilty plea of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). If the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

4.    The Government agrees to recommend at sentencing a period of incarceration at the lowest end of the Guideline range ultimately adopted by the Court. The defendant acknowledges that he understands this recommendation is not binding on the Court. The defendant further understands that the Government reserves the right to argue prior to sentencing the applicability of the Sentencing Guidelines to the defendant's case.

5.    The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, and be sentenced a term of incarceration, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

6.    The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the

Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_____
Edson Bostic, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

By:_____
Edmond Falgowski
Assistant United States Attorney

_____
Irvin J. Lewis
Defendant

Dated: 7-30-07

AND NOW, this _____ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Sue L. Robinson
Chief Judge, United States District Court

3